UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

KEVIN O. GRAHAM,

      Plaintiff,

v.                                           Case No.   2:24-cv-834-JLB-KCD

TWENTIETH JUDICIAL CIRCUIT
(LEE COUNTY JUSTICE
CENTER) and LEE COUNTY
SHERIFF'S OFFICE,

      Defendants.
_____/

## ORDER

Plaintiff Kevin O. Graham, a prisoner of the Florida Department of Corrections, initiated this action by filing a *pro se* civil rights complaint under 42 U.S.C. § 1983. After screening Plaintiff's complaint (Doc. 1), the Court directed him to amend it if he wished to proceed. (Doc. 5.) Plaintiff's amended complaint is now before the Court for screening. (Doc. 9.)

After carefully considering Plaintiff's allegations and the record from Plaintiff's state-court criminal proceedings, the Court dismisses his amended complaint because it does not state a claim on which relief may be granted.

    **I.**    **Background and Amended Complaint**

To better understand the facts leading to the claims in Plaintiff's amended complaint, the Court takes judicial notice of and reviews the docket entries (D.E.) in criminal case number 23-CF-000299, filed in the Circuit Court of the Twentieth

Judicial Circuit in and for Lee County, Florida.[1]  On April 15, 2023, the state court issued an arrest warrant for Plaintiff on a charge of sexual battery on a child between twelve and eighteen years old.  (See D.E. 6 (Booking Report).)  On April 5, 2024 (prior to trial), Plaintiff filed a motion to suppress all the evidence found on a cell phone that was seized during an allegedly illegal search of his motel room.  After a hearing (D.E. 110, 111), the state court denied the motion to suppress without a written opinion.  (D.E. 112.)  On September 6, 2024, a jury found Plaintiff guilty of committing sexual battery on a child between the age of twelve and eighteen while in familial or custodial authority; lewd and lascivious conduct; lewd and lascivious molestation; and transmission of material harmful to a minor.  (D.E. 154, 173.)  The court sentenced Plaintiff to natural life in prison.  (D.E. 193.)

On March 12, 2024, Plaintiff filed a section 1983 civil rights complaint in this Court challenging certain events surrounding his arrest.  (See MDFL Case No. 2:24-cv-230-JLB-NPM, Graham I).  The undersigned dismissed the complaint (with leave to amend) in a detailed screening order because Plaintiff had not stated a claim on which relief could be granted.  (Graham I at docket entry 7.)  Plaintiff did not amend his complaint, and the Court ultimately dismissed Graham I for failure to prosecute.  (Graham I, at docket entry 9.)  Thereafter, Plaintiff initiated this action.  Again, Plaintiff did not state an actionable section 1983 claim, and in another detailed screening order, the Court directed him to amend.  (Doc. 5.)  Plaintiff's amended complaint was docketed on October 21, 2024.  (Doc. 9.)

---

[1] See https://matrix.leeclerk.org (search: Graham, Kevin or case number 23-CF-000299).

In his amended complaint, Plaintiff alleges that Detective Sindi Torres and Deputy Hardenfelder detained and arrested him without a warrant outside of his motel room on April 13, 2023.  (Doc. 9 at 5.)  The officers searched Plaintiff's room and took his phone.  (Id.)  Deputy Hardenfelder handcuffed Plaintiff and took him to the Lee County Sheriff's office.  (Id.)  He returned Plaintiff (without his phone) to the motel a few hours later.  (Id.)  The Lee County Sheriff's Office then obtained a warrant to search Plaintiff's phone, but Plaintiff alleges that "there is no warrant on [the] court docket for LCSO to search [Plaintiff's] motel and seize the phone" in the first place.  (Id.)  On or around April 25, 2023, Plaintiff was arrested pursuant to an arrest warrant.  (Id)  Thereafter, he was deprived of his right to be present at his arraignment.  (Id.)  Plaintiff filed a motion to suppress evidence—presumably the information gleaned from the cell phone—but the motion was denied without a written opinion.  (Id.)  The state's child-hearsay motion was granted without the victim present.  (Id.)

Plaintiff alleges that the Twentieth Judicial Circuit Court in Lee County held him "to answer for a capital or otherwise infamous crime without presentment or indictment of a grand jury in contravention of Amendment V."  (Doc. 9 at 6 (minor alterations for clarity).)  Plaintiff alleges that the Lee County Sheriff unlawfully detained him without a warrant and without probable cause and conducted an unreasonable search and seizure of Plaintiff and his motel room.  (Id.)  Plaintiff seeks monetary damages.

## II.     Legal Standards

### A.     28 U.S.C. § 1915(e)(2)(B)

A prisoner who seeks to proceed *in forma pauperis* in this Court will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B). This screening procedure requires the court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief.   28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

Dismissals for failure to state a claim under section 1915(e)(2)(B)(ii) are governed by the same standard as those under Rule 12(b)(6) of the Federal Rules of Civil Procedure.   Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997).   And to state a claim for relief, Rule 8 of the Federal Rules of Civil Procedure requires that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief."   Fed. R. Civ. P. 8(a)(2).   Although a complaint "does not need detailed factual allegations," it must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."   Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007); see also Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).   A complaint may not rest on " 'naked assertions[s]' devoid of 'further factual enhancement.' "   Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 557).   Instead, "[f]actual allegations must be enough to raise a right to relief above the speculative level."   Twombly, 550 U.S. at 555.

4

B.  42 U.S.C. § 1983

Plaintiff's claims arise under 42 U.S.C. § 1983. "[S]ection 1983 provides a method for vindicating federal rights conferred by the Constitution and federal statutes." Bannum, Inc. v. City of Fort Lauderdale, 901 F.2d 989, 997 (11th Cir. 1990). To successfully plead a section 1983 claim, a plaintiff must allege two elements: "(1) that the act or omission deprived plaintiff of a right, privilege or immunity secured by the Constitution or laws of the United States, and (2) that the act or omission was done by a person acting under color of law." Id.

### III.  Discussion[2]

To survive dismissal at the screening phase, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). The plausibility standard is met only where the alleged facts enable "the court to draw the reasonable inference that the defendant is liable for the

---

[2] In its first screening order, the Court found that Plaintiff's conclusory allegations suggested only the "sheer possibility" of unlawful conduct by the defendants. (Graham I at D.E. 7.) The Court explained that: (1) Plaintiff could not initiate criminal proceedings against a defendant in a civil action; (2) there is no section 1983 cause of action for reckless endangerment; (3) there is no section 1983 cause of action for conversion; and (4) Plaintiff had not stated a claim for false arrest. (Id.) In its second screening order, the Court again found that Plaintiff's sparse allegations suggested only the sheer possibility of unlawful activity. (Doc. 5 at 4.) The Court also explained that state prosecutors and judges are generally immune from section 1983 liability and that Plaintiff had not stated a Fourth Amendment claim against any defendant. (Id at 6.) After both screening orders, Plaintiff was directed to file amended complaints. However, neither of the complaints filed in this case have cured the deficiencies identified in the screening orders. Therefore, to the extent Plaintiff now raises claims similar to those already considered and dismissed by the Court, they are again dismissed under section 1915(e)(2)(B)(ii) and are not further considered in this Order.

misconduct alleged." Id. Plausibility means "more than a sheer possibility that a defendant has acted unlawfully." Id. "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." Id. (internal quotation marks omitted). Here, Plaintiff's disjointed and sparse factual allegations do not state a plausible section 1983 claim, and the amended complaint is dismissed as insufficiently pleaded and because it does not state a claim on which relief may be granted.

In addition, Plaintiff lists the "Twentieth Judicial Circuit, Lee County Justice Center" and the Lee County Sheriff's Office as defendants in his amended complaint. (Doc. 9 at 3.) To state a viable section 1983 action, the legal entity sued must be subject to suit. Dean v. Barber, 951 F.2d 1210, 1214 (11th Cir. 1992). Appropriate parties for suit under section 1983 include "persons" who participated in the alleged violation. See 42 U.S.C. § 1983 (subjecting only "persons" to liability). Neither of the named defendants in Plaintiff's amended complaint are "persons." See 1 U.S.C. § 1 (defining the word 'person' to include "corporations, companies, associations, firms, partnerships, societies, and joint stock companies, as well as individuals," but not justice centers, courts, or Sheriff's Departments). Therefore, Plaintiff's claims, even if liberally construed, cannot be brought against the named defendants and are dismissed for this reason as well.

Finally, the amended complaint would be subject to dismissal for failure to state a claim even had Plaintiff named entities subject to suit under section 1983.

### A. Plaintiff has not stated a claim against the Twentieth Judicial Circuit Court or the Lee County Justice Center.

As noted, neither the Lee County Justice Center nor the Twentieth Judicial Circuit Court is a "person" subject to suit. Courts routinely dismiss section 1983 claims filed against such entities. See, e.g., Kirkland v. Fugate, No. 8:17-cv-3072-T-17TBM, 2018 WL 10087060, at * 2 (M.D. Fla. Jan.9, 2018) ("The Sixth Judicial Circuit is not a 'person' who is subject to suit under 42 U.S.C. § 1983."); Steelman v. Palm Bay Police Dep't, No. 6:23-cv-1919-ACC-LHP, 2023 WL 8352355, at *3 (M.D. Fla. Oct. 10, 2023) ("[T]o the extent that Plaintiff sues the 18th Judicial Circuit, a court is not a person subject to suit under Section 1983."); Mumford v. Zieba, 4 F.3d 429, 435 (6th Cir.1993) (holding that "a state court is not a 'person' within the meaning of that term as used in § 1983"); Johnson v. Supreme Court of Ill., 165 F.3d 1140, 1140–41 (7th Cir. 1999) (state supreme court was not a "person" subject to suit).

Even had Plaintiff named individual "persons" at the Lee County Justice Center as defendants, his claim against them would still be subject to dismissal for two reasons. First, a section 1983 action "is a proper remedy for a state prisoner who is making a constitutional challenge to the *conditions* of his prison life, *but not to the fact or length of his custody.*" Prieser v. Rodriguez, 411 U. S. 475, 499 (1973) (emphases added); see also Hutcherson v. Riley, 468 F.3d 750, 754 (11th Cir. 2006) ("Simply put, if the relief sought by the inmate would either invalidate his conviction or sentence or change the nature or duration of his sentence, the inmate's claim must be raised in a § 2254 habeas petition, not a § 1983 civil rights action."). Plaintiff alleges that the indictment leading to his conviction was invalid—clearly a

7

challenge to the "fact of" his custody. And that Plaintiff expressly seeks monetary damages instead of release does not save his claim from dismissal. This is because "when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence." Heck v. Humphrey, 512 U.S. 477, 487 (1994). If Plaintiff proved (through this section 1983 action) that his indictment was invalid—or that an individual at the Lee County Justice Center unconstitutionally caused his conviction in any other manner—the judgment would necessarily imply the invalidity of his conviction or sentence. Thus, Plaintiff's section 1983 claims against any individual associated with the Lee County Justice Center must be dismissed unless he "can demonstrate that the conviction or sentence has already been invalidated." Heck, 512 U.S. at 487. Plaintiff has made no such showing.

In sum: (1) neither the Twentieth Judicial Circuit Court or Lee County Justice Center is a "person" subject to suit under section 1983; (2) a section 1983 claim that challenges the <u>fact</u> of Plaintiff's confinement is appropriately raised in a petition for writ of habeas corpus; and (3) any liberally-construed section 1983 claim against an individual defendant associated with the Lee County Justice Center is subject to dismissal as <u>Heck</u>-barred because Plaintiff's conviction has not been invalidated. Therefore, Plaintiff's claims against the Twentieth Judicial Circuit Court or Lee County Justice Center are dismissed for failure to state a claim on which relief can be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).

### B. Plaintiff has not stated a claim against the Sheriff of Lee County.

Plaintiff inconsistently labels his second defendant as the Lee County Sheriff or the Lee County Sheriff's Office. (Doc. 9 at 1, 3.) The capacity of a governmental corporation to be sued in federal court is governed by the law of the state in which the district court is located. Id. at 1214; Fed. R. Civ. P. 17(b). "Florida law has not established Sheriff's offices as separate legal entities with the capacity to be sued." Faulkner v. Monroe Cnty. Sheriff's Dep't, 523 F. App'x 696, 701 (11th Cir. 2013). Therefore, Plaintiff's claims against the Lee County Sheriff's Office are dismissed.

Even if Plaintiff intended to name the Sheriff of Lee County (instead of the Sheriff's Office) as the defendant in this action, he has not stated a claim against him. Plaintiff does not allege that the Sheriff personally participated in the alleged constitutional deprivations. Nor does he allege that a policy, custom or practice was the "moving force" behind the misconduct so as to render the Sheriff liable in his official capacity. Finally, the Sheriff's supervisory position, without an affirmative causal connection to the violation, does not subject him to liability. See Zatler v. Wainwright, 802 F.2d 397, 401 (11th Cir. 1986) (requiring an affirmative causal connection between a defendant and an alleged constitutional violation). Thus, Plaintiff's claims against the Lee County Sheriff are dismissed for failure to state a claim on which relief can be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).

### IV. Conclusion

Plaintiff's amended complaint is dismissed because it does not state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). Generally, a district court allows a *pro se* plaintiff to amend his complaint "unless the plaintiff expresses

a desire not to amend or an amendment would be futile." Watkins v. Hudson, 560 F. App'x 908, 911 (11th Cir. 2014). Between this case and Graham I, Plaintiff had two chances to amend his complaint and ignored the Court's instructions on how to correct the numerous deficiencies in his pleadings. Therefore, the Court is not required to give Plaintiff leave to file a fourth complaint. See Cornelius v. Bank of America, NA, 585 F. App'x 996, 1000 (11th Cir. 2014) ("Because Cornelius already had been given an opportunity to correct his pleadings, the judge was not required to give him another chance."). And given that Plaintiff did not attempt to follow the Court's earlier directives in either of the cases filed in this Court, "[t]here is no indication that, given a [fourth] bite at the apple, [Plaintiff] would correct the numerous deficiencies in his complaint." Id. Therefore, the Court also finds that amendment would be futile.

Accordingly, it is now **ORDERED**:

1. Plaintiff's amended complaint (Doc. 9) is **DISMISSED** for failure to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).

2. The Clerk is directed to terminate any pending motions, enter judgment in favor of the defendants, and close this case.

**DONE AND ORDERED** in Fort Myers, Florida on November 20, 2024.

JOHN L. BADALAMENTI
UNITED STATES DISTRICT JUDGE

Copies: Kevin O. Graham